# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN


GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-4312
Re: Where the owner of one thou-
sand shares of stock of
domestic corporation, as a
part of his separate estate,
causes a new stock certifi-
cate to issue in the name of
his wife and himself "for
the use and benefit of the
community estate," is the
transaction subject to the
Texas Stock Transfer Tax
levied by Art. XV, H.B. 8,
Acts, Regular Session, 47th
Legislature (Art. 7047m,
Vernon's Texas Civil Statutes)?

Your letter of March 23, 1942, submits for our
opinion the following question which we quote therefrom:

"A is the separate owner of 1,000 shares
of stock in X company, a domestic corporation.
He has X company issue a new certificate to 'Mr.
A and Mrs. A for the use and benefit of the com-
munity estate.'

"Is this transaction subject to the Texas
Stock Transfer Tax levied under Article XV of
House Bill 8 of the Regular Session of the Forty-
seventh Legislature?

"If taxable, is the tax payable on the en-
tire transaction or on one-half?"

Section 1 of the above-cited Stock Transfer Tax
law levies and imposes a stated tax on "all sales, agree-
ments to sell, or memoranda of sales, and all deliveries
or transfers of shares, or certificates of stock, or cer-
tificates for rights to stock, or certificates of deposit
representing an interest in or representing certificates
made taxable under this Section in any domestic or foreign

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

association, company or corporation * * * whether made upon or shown by the books of the association, company, corporation or trustee, or by any assignment in blank or by any delivery of any papers or agreement or memorandum or other evidence of sale or transfer or order for or agreement to buy, whether intermediate or final, and whether investing the holder with the beneficial interest in or legal title to such stock or other certificate taxable hereunder, * * **

This department has held, in our Opinions Nos. O-3520, O-3713 and O-4029, that the intent of this Act and the above section thereof was to levy or impose an excise or privilege tax upon the transfer, by sale or gift, of shares or certificates of stock, vesting in the vendee, transferee or donee, either the legal or equitable title therein and thereto. Although your opinion request is silent upon the question, the legal or equitable title to the shares of stock involved may have been transferred, or attempted to be transferred, in two possible ways, viz, (1) by an attempted gift of the husband's separate estate in the stock to the community estate of husband and wife, or, (2) by the transfer of stock from the separate estate of the husband to the community estate of husband and wife, not as a gift, but in consideration of the payment to the husband of community funds or the conveyance of community property.

If, as it presumptively appears, the husband attempted, by gift, to transfer and assign his admittedly separate estate in this stock to the community estate of himself and wife, his purpose and effort to this end was unavailing, and neither legal nor equitable title in the moiety vested in the wife so as to constitute a taxable transaction under the opinions adverted to. The nature of the community property system in Texas is such that one spouse cannot donate or give property of any kind or character from his or her separate estate in an attempt to constitute the same the community property of both. However, if community funds or property are advanced or exchanged in consideration for the sale of separate property to the community estate, it appears that such transaction is recognized as accomplishing this purpose.

As stated at 23 Tex. Jur., page 104:

"The community estate is a creature of law and not of contract or convention. It can exist

only as the creature of statute. Not only can
the estate as such exist only by law, but the
parties are not permitted by agreement between
themselves to change the character of acquisi-
tions from separate to community, or vice versa,
from community to separate property. Such agree-
ments, if permitted, might destroy the statute
and, through uncertainty, work untold mischief
to the rights of purchasers or creditors deal-
ing with the husband or the property * * *"

Again, in sustaining our conclusion that separate
property of either spouse may not, by gift, become community
property of both, although, community property may, by gift,
become separate property of each spouse, we point to the fol-
lowing well-stated distinction between separate and community
property:

"* * * The separate estate is a distinct
estate of statutory origin and definition, wholly
apart from the estate of the spouse in the com-
mon property. The moiety owned by each spouse
in the community is not a separate estate; it is
community until in some lawful way there has been
a dissolution of the marriage or devolution of
the title. Thus where the husband and wife ac-
quire a given piece of property in such way as
to make it community property, each owns a one-
half interest therein, but such title is in no
sense the separate property of the owner. If
one of the spouses should donate to the other
his one-half interest in the community, such
donation would undoubtedly then become the sep-
arate property of the donee. But the nature of
the community estate is such--that is its legal
definition is such-- that in no event can the
separate property be donated to the community.
Separate property may become community however
by purchase or exchange and the like, precisely
as any other property may be acquired in such
way as to make it part of the community estate."
23 Tex. Jur., pp. 57-58.

From the foregoing, we conclude that if the at-
tempted transfer of the stock in question out of the separate

estate of the husband into the community estate of husband and wife, was by way of gift or donation, same was of no force and effect to transfer either the legal or equitable title contemplated by the Stock Transfer Tax Act, and therefore no tax accrues. If, on the other hand, the transfer of the stock from the separate to the community estate was in consideration of community funds or community property, then a tax would accrue on the transfer to the wife of the moiety. Although the wife would not presently own or have the legal or equitable title to 500 shares of this stock as would be the case if the transfer was for her separate estate and interest, but would hold the equitable title in one half of each share of the total 1,000 shares during coverture, we conclude that the tax should be computed on the quantum of shares or value which she actually and ultimately receives, to-wit, 500 shares, rather than on the estate which exists in the total 1000 shares under the community property system during marriage.

Trusting the foregoing fully satisfies your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Pat M. Neff, Jr.
Assistant

PMN:LW

APPROVED MAY 2, 1942

_____
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____